Habtu Hagos **HABTEMICAEL,**
Petitioner,

v.

Alberto R. **GONZALES, Respondent.**

**No. 05–75118.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 28, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

■ Habtu Hagos Habtemicael petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the decision by the immigration judge (IJ) denying his application for a waiver of inadmissibility under INA § 209(c), 8 U.S.C. § 1159(c), and ordering his exclusion and deportation. In addition, Habtemicael seeks review of subsequent proceedings before the United States Citizenship and Immigration Services (USCIS) regarding his request for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). We lack jurisdiction to review proceedings that are independent of the final order of removal, and dismiss the petition insofar as it pertains to what happened before the USCIS. *See* 8 U.S.C. § 1252(a)(1), (9). Otherwise, we deny the petition.

■ Habtemicael first suggests that we take judicial notice of events outside the

Tom Youngjohn, Federal Way, WA, for Petitioner.

---

administrative record before the IJ or the BIA, but we decline to do so as we must decide the petition only on the record on which the order of removal is based.

At oral argument Habtemicael abandoned any argument that the IJ denied him due process by neglecting to inform him of the possibility of an application for adjustment of status based on marriage.

■ Habtemicael's remaining contention, that the IJ applied an incorrect legal standard in adjudicating the § 209(c) waiver, fails because the IJ did not convert family ties into a negative factor requiring a showing of countervailing equities, *Matter of Marin,* 16 I. & N. Dec. 581 (BIA 1978), but simply found that family ties were not a basis of extreme hardship in his particular case. This is a finding that we have no jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B).

DISMISSED in part; DENIED in part.